IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FITA MERCADO, | 1:08-cv-00113-LJO-TAG (HC) |
| Petitioner, | |
| vs. | ORDER OF TRANSFER |
| JAMES WALKER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal habeas statute provides that a habeas corpus application made "by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts...may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such districts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). In the interest of justice, a federal court

may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

In this case, the original transfer order from the United States District Court for the Central District of California was premised in part upon a determination that Petitioner's conviction was from Kern County, which is in the Eastern District of California. However, further review of the petition discloses that Petitioner is in fact challenging a State conviction from San Diego County, which is in the Southern District of California. In this case, because Petitioner's conviction was in San Diego County, the petition should have been filed in the United States District Court for the Southern District of California. In this instance, venue in the Southern District of California is also in accord with the general practice in California wherein federal habeas petitions challenging State convictions are transferred to the district where the petitioner was convicted. Accordingly, the Court will transfer this action to the United States District Court for the Southern District of California.

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:  **January 25, 2008**         **/s/ Theresa A. Goldner**
                                      UNITED STATES MAGISTRATE JUDGE